BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

ANDREW F. DAWSON (CABN 264421)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7019
    FAX: (415) 436-7234
    andrew.dawson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 98-0108 WHA |
| Plaintiff, | MOTION FOR ORDER RECONVEYING DEED AND [PROPOSED] ORDER |
| v. | |
| ANTONIO MORENO LICEA, | |
| Defendant. | |

The United States brings this motion for an order requiring the Clerk of Court to reconvey a deed of trust to certain real property in Santa Rosa, California. As explained in more detail below, the property in question was pledged by a surety in support of bail for the defendant. The defendant subsequently fled, but the surety's interest in the property was never forfeited. For the reasons explained in detail below, the United States seeks to reconvey the property back to the original sureties.

On June 23, 1998, Edelmira and Jose Campos agreed to be sureties in support of Defendant Antonio Moreno Licea's bail proceedings. The bond was set at $60,000, and the sureties agreed to pledge real property to secure the bond. *See* Exhibit A (Conditions of Release and Appearance). Shortly thereafter, a Deed of Trust and Assignment of Rents was recorded in Sonoma County to secure the $60,000 bond, which listed "Richard Wieking, Clerk of the Dist. Court" as beneficiary. *See* Exhibit

B (Deed of Trust and Assignment of Rents).

At some point thereafter, Defendant Licea became a fugitive.  Despite Defendant Licea's failure to appear, the United States did not seek forfeiture of the pledged property.  The United States is now informed that Edelmira Campos and Jose Campos wish to refinance their property, and that the recorded deed of trust granting the Clerk of Court an interest in the property is interfering with that process.  Because a motion for forfeiture of the bond at this stage would be untimely, *see United States v. Toro*, 981 F.2d 1045, 1047 (9th Cir. 1992), the United States believes the issuance of a Deed of Reconveyance to the sureties would be appropriate.  The Clerk of the Court contacted the U.S. Attorney's Office to advise that before it can issue such a Deed, it requires a Court Order authorizing such an action.

DATED: September 2, 2016                      Respectfully Submitted,

                                                    BRIAN J. STRETCH
                                                    United States Attorney

                                                      */s/ Andrew F. Dawson*
                                                      ANDREW F. DAWSON
                                                      Assistant United States Attorney

[~~PROPOSED~~] ORDER

Good cause being shown, it is hereby ORDERED that the Clerk of the Court shall issue a Deed of Reconveyance reconveying all the estate, title, and interest acquired by the Clerk of the Court as a result of the Deed of Trust and Assignment of Rents executed by Edelmira Campos and Jose Campos and filed with the Sonoma County Recorder on July 8, 1998, and bearing instrument number 1998 0076790 1.

IT IS SO ORDERED.

DATED: September 2, 2016.

HON. WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE